# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES G. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV412-229 |
| | ) | |
| OFFICER DUGGER; | ) | |
| JACK KOON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, James G. Jackson filed this 42 U.S.C. § 1983 action on September 6, 2012. Doc. 1. The Court granted his *in forma pauperis* motion but directed him to send in additional information. Doc. 3. Jackson, however, has failed to keep the Court apprised of his current address, as that Order has been returned by the Postal Service as "underliverable." Doc. 4. Per Local Rule 11.1, it was his continuing duty to keep the Court apprised of his current address. Without it, the Court cannot move this case forward or even communicate with plaintiff.

A court has the power to prune from its docket those cases that amount to no more than mere deadwood. Accordingly, plaintiff's complaint should be **DISMISSED** without prejudice for his failure to prosecute this action. L.R. 41(b); see *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992). As the Clerk has no valid address for the plaintiff (who has evidently lost interest in his case), he is excused from any further attempts to serve the plaintiff.

**SO REPORTED AND RECOMMENDED**, this 24th day of September, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA